Date signed February 21, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | |
|---|---|
| Mary O'Brien Miller and William Joseph Miller, Jr., | Case No. 08-10543PM<br>Chapter 7 |
| **Debtors.** | |

### MEMORANDUM OF DECISION

   This Memorandum is written to explain the Order that this court is entering herewith denying the Debtors' Motion for an Order Avoiding Any and All Tax Liens of the State of Maryland.

   This bankruptcy case was filed under Chapter 7 on January 14, 2008.  The Debtors' Motion, filed February 19, 2008, seeks an order "voiding any and all taxes allegedly owed the State of Maryland by the Debtor(s) and further voiding any and all secured and unsecured liens of the State of Maryland against the Debtor(s) and granting such other relief as may be appropriate."  The relief sought is beyond the power of this court to grant for several reasons.

   To begin, a proceeding to determine the validity of a lien must be brought by way of an adversary proceeding, not by motion.  The power to avoid a statutory lien, such as that held by the State of Maryland, is limited to the Trustee.  11 U.S.C. § 545.  Insofar as the Motion seeks a review of the action of the Circuit Court for Montgomery County, Maryland, in the case of State Road Comm. v. WJM Realty Inc., *et al*., Civil No. 93313, such action is barred by the Rooker Feldman doctrine.  Davani v. Virginia Dept. of Transp., 434 F.3d 712 (CA4 2006).  Next, if the doctrine of sovereign immunity is inapplicable, insofar as this Motion seeks monetary damages against the State, the action is property of the estate and must be brought by the Chapter 7 Trustee.  Finally, the Debtors did not schedule any liens of record held by the State that would be subject to avoidance.

   An appropriate order will be entered.

cc:     Debtors
        Chapter 7 Trustee
        United States Trustee

**End of Memorandum of Decision**